UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

DYTANIEL L. MCBRIDE,

   Petitioner,

v.

GREGORY KIZZIAH, Warden,

   Respondent.

Civil Action No. 7:17-147-KKC

**MEMORANDUM OPINION AND ORDER**

   Dytaniel L. McBride is an inmate at the United States Penitentiary – Big Sandy in Inez, Kentucky. Proceeding without a lawyer, McBride has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he challenges the validity of his underlying federal convictions and sentence. [R. 1]. Among other things, McBride claims that (1) federal prosecutors failed to disclose exculpatory evidence; (2) law enforcement officials obtained evidence pursuant to an unconstitutional search and seizure; (3) his initial arrest was unlawful; and (4) his conviction was "obtained by a violation of the privilege against self-incrimination and [the] use of [a] coerced confession." [R. 1 at 6-8]. McBride asks this Court to vacate at least some of his convictions and set aside what he calls his "illegal sentence." [R. 1 at 8].

   McBride's § 2241 petition, however, is an impermissible collateral attack on his convictions and sentence. That is because while a federal prisoner may challenge the legality of his convictions or sentence in a motion pursuant to 28 U.S.C. § 2255, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). After all, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 546 F.3d 442, 447 (6th Cir. 2009).

Simply put, McBride cannot use a § 2241 petition as a way of challenging his convictions and sentence.

It is true that, under certain limited circumstances, "a federal prisoner may also challenge the validity of his conviction or sentence under § 2241." *Bess v. Walton*, 468 F. App'x 588, 589 (6th Cir. 2012). However, the Sixth Circuit has explained that this is only true when the prisoner is trying to rely on an intervening change in the law to establish his actual innocence, *see Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012), or challenge a sentence enhancement. *See Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016). And, in this case, it does not appear from McBride's petition that he is relying on an intervening change in the law to attack his convictions or sentence or that he otherwise meets the requirements set forth in either the *Wooten* or *Hill* cases. Rather, it appears that McBride is trying to litigate substantive claims that he either could have made in his previously denied § 2255 motion or claims that he perhaps could still assert in a second or successive § 2255 petition with the United States Court of Appeals for the Seventh Circuit. Either way, McBride's claims are not properly brought in a § 2241 petition with this Court.

Accordingly, it is hereby **ORDERED** as follows:

1. McBride's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. A corresponding judgment will be entered this date.

Dated September 26, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY